In the United States District Court
For the Terrehaute Division
Southern District of Indiana

Austin Lee Eckes et al.,
    plaintiff

v.              Cause No: 2:23-cv-

Parker Tromley et al.,
Michael Kolhouse et al.,
Noble Perish et al.,
Douglass Vartile et al.,
Knox County Jail Administration et al.,
In their individual and official capacities
    defendants
FILED
12/19/2022
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

1:22-cv-2431-JRS-KMB

## Complaint

### I. Jurisdiction

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff Eckes seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff Eckes' claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the federal Rules of Civil Procedures.

2. The Southern District of Indiana is an appropriate

venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. Plaintiff

3. Plaintiff Austin Lee Eckes is and was a prisoner at all times mentioned herein this complaint and resided at 2375 south Old Decker Road, Vincennes, Indiana 47591, during these claims mentioned

## III. Defendants

4. Defendant Parker Tromley is a public servant of the Knox County Jail, who at all times mentioned in this complaint, held the rank of Sergeant and was assigned to Knox County Jail

5. Defendant Michael Kolhouse is a public Servant of the Knox County Jail, who at all times mentioned in this complaint, held the rank of Captain and was assigned to Knox County Jail

6. Defendant Noble Peris is a public Servant of the Knox County Jail, who at all times mentioned in this complaint, held the rank of Jail Commander, and was assigned to the Knox County Jail.

7. Defendant Douglass Vantile is the Sheriff of the Knox County Jail, he is legally responsible for the operations of the Knox County Jail and for the welfare of all the inmates/detainees of the Knox County Jail

8. Defendant Knox County Jail Administration is the Knox County Jail Chain of Custody and operations, who at all times mentioned in this Complaint, held the rank of Administration of the Knox County Jail, and was assigned to the Knox County Jail.

9. Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each defendant acted under color of state law.

### IV. Facts

10. Defendants Knowingly and/or intentionally violated the following,

   (a). U.S. Const. Amend 14
      (i). unequal justice
      (ii). cruel and unusual punishment
      (iii) due process
   (b). U.S. Const. Amend 8
      (i). cruel and unusual punishment
   (c). U.S. Const Amend 5
      (i). due process
   (d). Indiana Const. Art 1 Section 15
      (i). treated with unnessesary rigor
   (e). Indiana Regulation Codes
      (i) 210 IAC 3-1-4
      (ii) 210 IAC 3-1-17
   (f) Indiana Criminal Codes



(1). 35-50-6-4
(g). Indiana Civil Code
(1). 36-2-16-3

## V. Legal Claims

11. On or about July 31, 2022 plaintiff was removed from general population (G.P.) and placed in disciplinary segregation (D.S.) by the order of defendant Parker Tromley.

12. Defendant Parker Tromley never filed a written conduct report (see 210 IAC 3-1-7(j); also 210 IAC 3-1-17(e) and (f)) before placing plaintiff on disciplinary segregation.

13. On or about August 04, 2022 plaintiff filed a grievance addressing the matter that he was never given a conduct report, and disciplinary hearing (see grievance)

14. On or about August 11, 2022 defendant Michael Kolhouse responded to the plaintiffs' grievance; informing plaintiff that Knox County Jail is not required to give him a hearing (see grievance (see further 210 IAC 3-1-17(e) Before imposing any disciplinary action jail officials shall afford the inmate charged with misconduct a hearing to determine his or her guilt or innocense and the deposition of the charge.), because they do not have a C.A.B. Board, and that

it is not required that they have one. fathsome to the incident alleged defendant Michael Kolhouse agreed with and approved defendants Parker Tromley's misconduct.

15. On or about August 11, 2022 plaintiff filed a level 1 appeal, informing defendant Knox County Jail Administration that pursuant to 210 IAC 3-1-17 "Disciplinary Written Rules" he was required to be provided with a hand written conduct report, and a hearing before being sentenced to disciplinary segregation, furthermore defendant Knox County Jail Administration responded informing plaintiff that your seg time has been completed and you are back in a general population, this matter is completed (see grievance)

16. On or about August 10, 2022 plaintiff filed another grievance informing defendant Knox County Jail Administration that the failure to have a C.A.B. Board, and provide plaintiff with a hearing and a conduct report before finding him guilty and placing him in seg violates his due process rights and 210 IAC 3-1-17.

17. On or about August 11, 2022 plaintiff filed a level 2 appeal informing defendant Michael Kolhouse and defendant Knox

County Jail Administration that pursuant to 270 IAC 3-1-17(c) and (f) you are required to give me a hearing and a conduct report copy either way, further to the nature to continue to admit that you placed me in disciplinary segregation without providing me with a conduct report and a hearing, failing to properly find me guilty. (See grievance)

18. On or about August 12, 2022 defendant Noble Perish responded to plaintiffs' level 2 appeal informing him that Knox County Jail does not have a disciplinary board. (see grievance)

19. On or about July 31, 2022 plaintiff was placed in disciplinary segregation and was not released until on or about August 08, 2022.

20. On or about August 11, 2022 plaintiff wrote a letter to sheriff Douglass Vantile defendant placing him on notice of his failure to enforce 270 IAC 3-1-17, and jail rules. (see 36-2-16-3(a)(b)); also see Smith V. Stoner 594 F. supp, 1091, 1984, U.S. Dist. Lexis 23818 (N.D. Ind. 1984) (The office of sheriff was liable for the deprivation of the fourteenth amendment rights of prisoners by the employees and agents of the office of sheriff

proceeding according to the customs, practices, and policies of the office of sheriff)

21. On or about August 21, 2022 plaintiff filed a tort claim from the Indiana Department of Corrections Reception Diagnostic Center, furthermore on or about November 03, 2022 plaintiff filed a letter to the Attorney General ("Good faith letter") see letter))

22. Plaintiffs' Due Process rights was knowingly and/or intentionally violated by the forementioned defendants, when they knowingly and/or intentionally refused to provide plaintiff with conduct report (270 IAC 3-7-17(e)(1)); and a hearing (270 IAC 3-7-17(e)(2)(A)(B)(C)) and failed to let plaintiff prepare for the hearing, to have an impartial decision maker, to call witnesses, have a lay advocate (270 IAC 3-7-17(2)(3)(4)(5)(6)) and to have a written statement of the finding of fact, the evidence relied on, and the reasons for the action taken (270 IAC 3-7-17(7)(A)(B)(C)).

23. Defendant's knowingly/or intentionally violated plaintiff's Due process rights by not having a C.A.B. Board, they violated his eighth amendment by cruelly placing him in segregation without first doing

a hearing to prove plaintiff guilty or not guilty.

24. Defendant Douglass VanKile violated plaintiff's Due Process rights under the fifth (5th) and the fourteenth (14th) amendments to the Constitution of the United States by failing to enact Disciplinary Written Rules (210 IAC 3-9-17) and to ensure that all employees and inmates following these rules understand them, defendant subjected the plaintiff to cruel and unusual punishment by failing to enforce Disciplinary proceedures before placing the plaintiff in disciplinary segregation (210 IAC 3-1-1g) because defendant fails to enact Disciplinary proceedures, violates plaintiffs' Due process rights and subjects him to cruel and unusual punishment

## VI Prayer for Relief

Whereforas, Plaintiff Austin lee Eckes respectfully pray that this court enter judgment.

25. Granting Plaintiff a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States and the State of Indiana.

26. Granting Plaintiff compensatory damages in the amount of $750,000.00 against all defendants jointly and severally,

27. Granting Plaintiff punitive damages in the amount of $750,000.00 against all defendants

jointly and severally.
28. Plaintiff seeks a jury trial on all issues triable by jury.
29. Plaintiff also seeks recovery of costs in this suit.
30. Any additional relief this court deems just, and proper, and equable.

Dated this 2nd day of December 2022

Respectfully Submitted
Austin Lee Eckes

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed at La Porte, Indiana on December 2nd, 2022

Austin Lee Eckes
   plaintiff